IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-138-BR
No. 5:16-CV-819-BR

| | | |
|---|---|---|
| LYNDELL THOMAS, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on the government's motion for summary judgment on petitioner's 28 U.S.C. § 2255 motion, (DE # 53.) Petitioner filed a memorandum in opposition and an opposition statement to the government's statement of undisputed facts. (DE ## 58, 59.)

In 2015, pursuant to a plea agreement, petitioner pled guilty to a criminal information charging him with conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. The court allowed petitioner's motion for a downward variance and sentenced him to a total term of 120 months imprisonment. Petitioner did not appeal. He timely filed his § 2255 motion, (DE # 39), as well as a supporting memorandum and exhibits, (DE ## 40, 41). The court denied the government's motion to dismiss the § 2255 motion, (DE # 49), and the government now moves for summary judgment.

> Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. [S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of law. Moreover, on summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.

United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (citations omitted).

Petitioner alleges two claims in his § 2255 motion. First, he alleges ineffective

assistance of counsel based on counsel's failure to investigate the facts and file a motion to suppress. (DE # 39, at 4.) Specifically, petitioner contends defense counsel should have challenged the warrant for the search of his and his brother's car detail and repair shop at 3009 Murchison Road, Fayetteville, North Carolina. (Id.) According to petitioner, the warrant was not supported by probable cause. (Id.)

To prevail on an ineffective assistance of counsel claim, "a person must show (1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"
United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (citations omitted).

> It is a cardinal tenet of the Supreme Court's ineffective assistance jurisprudence that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." This "highly deferential" standard is necessary because it is "all too easy" to second guess counsel's efforts after they have proven unsuccessful.

Meyer v. Branker, 506 F.3d 358, 371 (4th Cir. 2007) (citations omitted).

Counsel has "wide latitude" to determine, as a tactical matter, whether to file a motion to suppress. Morris v. United States, Nos. 2:06-cv-00938, 2:05-cr-00125, 2008 WL 4763223, at *4 (S.D. Va. Oct. 27, 2008).

> Therefore, "the failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Rather, counsel's ability to make tactical decisions regarding a motion to suppress is such that he may conclude that it is in the defendant's best interest not to file a motion to suppress even if that motion is potentially meritorious.

Id. (quoting Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)) (footnote omitted).

Here, defense counsel did not file a motion to suppress because he concluded the motion lacked merit and because the filing of such a motion would harm petitioner's case. According

to defense counsel's uncontradicted declaration,[1] he received discovery in the case from the government and investigated the validity of the subject search warrant. (Leonard Decl., DE # 56-1, at 1, 2.) He recognized a "weakness" in the warrant application,[2] that being, the controlled buys occurred before the business moved to the 3009 Murchison Road location and the last buy took place two months before the date of the application. (Id. at 3.) Defense counsel and petitioner discussed the issues petitioner had with the application, and petitioner challenged certain statements attesting to his conduct. (Id.) Defense counsel determined that the statements petitioner challenged were unnecessary to a finding of probable cause. (Id.) The court agrees—the statements petitioner challenges concern his personal involvement in illegal activity, which does not affect the state judge's probable cause finding to search the business. Cf. United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993) ("In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." (citing Zurcher v. Stanford Daily, 436 U.S. 547, 556 & n.6 (1978))).

Furthermore, even excluding all the statements in the warrant application petitioner challenges, (see generally Mem., DE # 40, at 5-11), given the totality of the circumstances, the state judge had a substantial basis for concluding that there is a fair probability that contraband or

---

[1] Petitioner contends defense counsel's unsworn declaration cannot be used to support the government's motion for summary judgment. (Resp., DE # 58, at 3.) "Unsworn statements submitted pursuant to 28 U.S.C. § 1746, under the penalty of perjury, are permitted in lieu of affidavits." Moore v. Life Ins. Co. of N. Am., 708 F. Supp. 2d 597, 615 (N.D.W. Va. 2010) (citing Willard v. IRS, 776 F.2d 100, 102 n.3 (4th Cir. 1985)), aff'd, 439 F. App'x 245 (4th Cir. 2011); see also Fed. R. Civ. P. 56(c)(1) (setting forth procedure on motion for summary judgment that factual positions may be supported by citing to declarations). Defense counsel's declaration provides at the end of the document and just above his electronic signature and the date executed, "I declare under penalty of perjury that the foregoing is true and correct." This language in the declaration satisfies § 1746, and therefore, the court may consider it.

[2] The application, at least what is of record, is the affidavit of Detective J. DelPizzo. (See DE # 41, at 2-19.)

3

evidence of a crime would be found at 3009 Murchison Road.  See Illinois v. Gates, 462 U.S. 213, 238-39 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (internal quotation marks, alterations, and citation omitted)).  Thus, defense counsel correctly concluded the motion to suppress would be meritless, (see Leonard Decl., DE # 56-1, at 2, 3), and petitioner was not prejudiced by his failure to file such a motion.

Defense counsel also made a reasonable strategic decision not to file the motion to suppress.  He "advised [petitioner] that a suppression motion would have a deleterious effect on the outcome of his case."  (Id. at 2.)  As defense counsel explains, he had to look at the "big picture."  (Id. at 3-4.)  The evidence against petitioner was strong, and petitioner was potentially facing a sentencing enhancement pursuant to 21 U.S.C. § 851.  (Id. at 4.)  Defense counsel's strategy was to negotiate the best possible plea agreement and put petitioner in the most advantageous position at sentencing, rather than focus on accusations concerning law enforcement officers, which a motion to suppress and any hearing would entail.  (See id.)  Such a strategy was objectively reasonable, and therefore, counsel was not deficient in failing to file a motion to suppress.

Petitioner's second § 2255 claim is

Counsel misled Petitioner into entering an unknowingly [sic] and involuntary Plea Agreement, by counsel failing to adequately investigate facts concerning [the] search warrant, failed to secure an evidentiary or Franks' Hearing, and induced petitioner into signing a Plea Agreement under a false promise that he would file a Motion to Suppress the evidence seized during search of 3009 Murchison Road,

4

once petitioner was charged with an offense. Then Counsel was aware once Plea
was accepted that Petitioner would not be able to pursue a suppression motion,
thus depriving Petitioner of his Due Process Right.

(DE # 39, at 5.)

The fact that counsel purportedly failed to investigate facts pertaining to the search warrant or failed to file a motion to suppress (and obtain an evidentiary or Franks hearing[3] on the motion) does not implicate the voluntariness of petitioner's plea. See United States v. Campa-Macias, 358 F. App'x 400, 401 (4th Cir. 2009) (recognizing that a valid guilty plea waives all prior non-jurisdictional defects, including the denial of a motion to suppress, and relying on Tollett v. Henderson, 411 U.S. 258 (1973); United States v. Willis, 992 F.2d 489 (4th Cir. 1993)). The court also rejects the claims that petitioner's plea was involuntary because defense counsel promised he would file a motion to suppress, thereby violating petitioner's right to due process. Petitioner does not contend that the court failed to conduct his plea hearing in compliance with Federal Rule of Criminal Procedure 11. In fact, petitioner acknowledges that at the plea hearing, the court went over the plea agreement with him and he agreed to accept the plea. (Mem., DE # 40, at 3.) As Rule 11 requires, before the court may accept a guilty plea, the court must "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Cri. P. 11(b)(2). At the plea hearing, after petitioner was placed under oath, the court questioned petitioner about whether

---

[3] An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit. In its decision in *Franks v. Delaware*, however, the Supreme Court carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing on the veracity of statements in the affidavit. To be entitled to a *Franks* hearing, however, the accused must make a substantial preliminary showing that false statements were either knowingly or recklessly included in an affidavit supporting a search warrant and that, without those false statements, the affidavit cannot support a probable cause finding. Therefore, if the allegedly false statements are not necessary for the probable cause finding, the accused is not entitled to a *Franks* hearing.

United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011) (citations omitted).

anyone had promised him anything other than what appears in the plea agreement itself and whether anyone had forced or threatened him to plead guilty. (See 6/1/15 Minute Entry, DE # 12.) If petitioner had answered affirmatively, then the court would not have accepted his plea. Based on petitioner's answers, the court explicitly found that the plea was knowing and voluntary. (Id.) The court will not credit petitioner's subsequent allegation that counsel's promise to file a motion to suppress induced his guilty plea. See United States v. Morris, 273 F. App'x 291, 292-93 (4th Cir. 2008) ("A defendant's statements at a guilty plea hearing are presumed true. Unsupported subsequent allegations are insufficient to overcome representations at the hearing." (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). Accordingly, petitioner's second claim fails. Cf. Rader v. United States, No. 5:17-cv-84-MOC, 2018 WL 2418134, at *6-7 (W.D.N.C. May 29, 2018) (where the petitioner's guilty plea was freely and voluntarily entered, rejecting his ineffective assistance of counsel claim based on counsel's misadvising or manipulating him into entering a plea agreement without a suppression hearing).

For the foregoing reasons, the government's motion for summary judgment is GRANTED. Petitioner's claims are DISMISSED WITH PREJUDICE. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 26 June 2019.

_____
W. Earl Britt
Senior U.S. District Judge