IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-138-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LYNDELL THOMAS | ORDER |

This matter is before the court on defendant's motion for compassionate release. (DE # 67.)

In 2015, defendant pled guilty to conspiracy to distribute more than 28 grams of cocaine base ("crack cocaine") and possession of a firearm in furtherance of a drug trafficking crime. The court sentenced him to 60 months imprisonment on each count, to run consecutively, for a total term of 120 months imprisonment. In September 2020, with the assistance of court-appointed counsel, defendant filed the instant motion with supporting documents, (DE ## 67-1 to -5). The government filed a response in opposition, (DE # 71), to which defendant filed a reply, (DE # 72).

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes defendant has exhausted his administrative rights. In March, defendant submitted a request for release to the Warden, which he resubmitted the following month. (DE ## 62-3, 62-6.) It was thereafter denied. (DE # 62-7.) Defendant requested reconsideration, which was denied. (DE # 62-10.) The government acknowledges

defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  (Resp., DE # 71, at 3.) Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on underlying health conditions which increase, or may increase, his risk of severe complications from COVID-19, particularly in the prison setting.  (Mot., DE # 67, at 4-5.)  The government does not dispute the fact that defendant has such conditions.  (See Resp., DE # 71, at 15.)  However, it argues defendant's motion should be denied because his release would pose a danger to public safety and the relevant § 3553(a) factors do not support his release.  (Id. at 16-17.)  It also urges the court to deny the motion because, it contends, defendant has not presented an adequate release plan.  (Id. at 17-18.)  Alternatively, should the court conclude release is warranted, it requests that defendant be ordered to serve the remainder of his sentence on home incarceration and to submit to a 14-day quarantine period, as administered by the Bureau of Prisons.  (Id. at 18.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility."  United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)).  The Centers for Disease Control and Prevention's list of risk factors for COVID-19 complications also informs the court's evaluation.  Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 51 years old and is obese and prediabetic. (Mot., DE # 67, at 4; Mot., Ex. 1, DE # 68; Resp., DE # 71, at 15.) He has Stage 2 chronic kidney disease, hypertension, and a history of smoking. (Mot., DE # 67, at 5; Mot., Ex. 1, DE # 68; Resp., DE # 71, at 15.) Obesity, chronic kidney disease (of any stage), and a history of smoking all increase a person's risk of severe illness from COVID-19, while hypertension might increase that risk. Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 19, 2021). The more underlying conditions one has also heightens the risk of severe illness from COVID-19, id., and because he is incarcerated, defendant has an increased risk of contracting COVID-19, see Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html (go to People Who are Incarcerated at Correctional and Detention Facilities, select Do I have a greater chance of getting COVID-19?) ("People in correctional and detention facilities are at greater risk for some illnesses, such as COVID-19, because of close living arrangements with other people.") (last visited Jan. 19, 2021). According to the most recent data from the Bureau of Prisons, at FPC Pensacola, where defendant is incarcerated, 18 inmates and 10 staff are positive for COVID-19, with 5 inmates and 7 staff having recovered. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Jan. 19, 2021). With these figures and the institution's inmate population of 316, see Federal Bureau of Prisons, Locations, Pensacola FPC, https://www.bop.gov/locations/institutions/pen/, the cumulative infection rate is about 7 percent, which is the same as the current rate in the United States, see Mayo Clinic, Coronavirus Disease 2019, U.S. coronavirus map, https://www.mayoclinic.org/coronavirus-covid-19/map (last visited Jan. 19, 2021). Given defendant's age and health combined with his incarcerated status, the

court concludes defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence.

Accordingly, the court considers the relevant § 3553(a) factors. Prior to his commission of the instant offenses, defendant had been convicted of eight felonies. (PSR, DE # 28, ¶¶ 21-25, 27.) At sentencing, consistent with this court's practice, the court downwardly varied from defendant's guideline imprisonment range on the conspiracy count based on its policy disagreement with the crack cocaine sentencing guidelines. (See Statement of Reasons, DE # 36, at 3.) Normally, the resulting guideline imprisonment range would have been 46 to 57 months. (See id.) However, because defendant was subject to a mandatory minimum term of imprisonment of 60 months, the court imposed that sentence on the conspiracy count. (See id.) On the firearm count, the court sentenced defendant to the mandatory consecutive term of imprisonment of 60 months. (See PSR, DE # 28, ¶¶ 67-69.)

Defendant has been in custody since November 2014, and his projected release is in May 2023. (Id. at 1; Mot., Ex 3, DE # 67-3, at 1.) He has sustained one disciplinary infraction, which was more than four years ago. (Mot., Ex. 2, at 2, 5.) He has taken educational courses, maintained employment, and is currently enrolled in the Residential Drug Abuse Program. (Id. at 1-2.) Defendant was scheduled to complete this program in November 2020. (Id. at 2.) However, due to the COVID-19 pandemic, the program halted and has since resumed on a part-time basis. (Id.)

Upon release, defendant intends to reside with his mother who lives in Tar Heel, North Carolina and who has written a letter outlining the support she will provide him. (Mot., Ex. 4, DE # 67-4.) Also, his brother will assist him with obtaining employment. (Id., Ex. 6, DE # 67-5,

at 2.) Of course, once released, defendant is subject to the conditions of supervision imposed at sentencing for a period of five years. (J., DE # 35, at 4-5.)

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment to time served and modifying his special conditions of supervised release to include a period of home detention and completion of a drug treatment program satisfy the goals of sentencing, including imposing sufficient punishment and deterring crime. Accordingly, defendant's motion is ALLOWED.

Defendant's sentence of imprisonment as reflected in the judgment dated 30 September 2015 is REDUCED to time served. Defendant's special conditions of supervision as reflected in that judgment are MODIFIED by

(1) the addition of the following condition:

The defendant shall abide by all conditions and terms of the home detention program for a period of six months. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer.

and

(2) the amendment (italicized) of the following condition:

The defendant shall participate as directed in *and complete* a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

All other provisions of the 30 September 2015 judgment shall remain in effect. The BOP may

delay defendant's release up to 14 days for quarantine and/or administrative reasons.

    This 21 January 2021.

                                         _____
                                              W. Earl Britt
                                              Senior U.S. District Judge